**UNITED STATES DISTRICT COURT**

**DISTRICT OF MARYLAND**

| | |
|---|---|
| JACKIE RICE, individually and on behalf of all others similarly situated, ) ) | Case No.: |
| ) | **CLASS ACTION COMPLAINT** |
| Plaintiff, ) ) | **DEMAND FOR JURY TRIAL** |
| v. ) ) | |
| SMILEDIRECTCLUB, LLC, ) ) | |
| Defendant. ) ) | |

<u>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

Plaintiff Jackie Rice ("Rice" or "Plaintiff Rice") brings this Class Action Complaint and

Demand for Jury Trial ("Complaint") against Defendant SMILEDIRECTCLUB, LLC

("SMILEDIRECTCLUB") to (1) stop their practice of placing calls using an "automatic

telephone dialing system" to the cellular telephones of consumers nationwide without their prior

express consent; (2) enjoin Defendant from continuing to place autodialed telephone calls to

consumers who did not provide their prior express consent to receive them; and (3) obtain

redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows

upon personal knowledge as to themselves and their own acts and experiences, and, as to all

other matters, upon information and belief, including investigation conducted by their attorneys.

**NATURE OF THE ACTION**

1.      Senator Hollings, the Telephone Consumer Protection Act's ("TCPA") sponsor,

described autodialed calls as "the scourge of modern civilization.  They wake us up in the

morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound

us until we want to rip the telephone cord out of the wall." 137 Cong. Rec. 30, 821 (1991).

Senator Hollings presumably intended telephone subscribers another option other than telling the

autodialers to simply stop calling them. *Osario v. State Farm Bank, F.S.B.,* 746 F.3d 1242, 1256

(11th Cir. 2014).  Thus, the TCPA was enacted to empower the private citizen and protect the

privacy (and perhaps the sanity) of consumers nationwide.

2.      But, unfortunately, illegal autodialed calls continue to increase and further invade

the privacy of millions of consumers.  In 2016, 4 million complaints related to unwanted calls

were lodged with the Federal Communications Commission (the "FCC").[1]  This number is

markedly higher than the previous year, which yielded 2.6 million complaints (which rose from

the year before that).[2]  Notably (and inauspiciously), many consumers who have been subjected

to illegal calling do not report each instance, and the actual number of consumers affected by

these calls is significantly higher.

3.      Here, Defendant SMILEDIRECTCLUB is a teledentistry company that produces

and sells 3D-printed clear aligners online.

4.      In an attempt to market and sell their services, Defendant places telephone calls

and sends text messages on its own behalf.

---

[1] *National Do Not Call Registry Data Book FY 2016, October 1, 2015 - September 30, 2016,* FEDERAL TRADE
COMMISSION (Dec. 2016), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-
data-book-fiscal-year-2016/dnc_data_book_fy_2016_post.pdf; *Consumer Complaints Data - Unwanted Calls, FCC -
Open Data,* FEDERAL COMMUNICATIONS COMMISSION, https://opendata.fcc.gov/Consumer-and-Government-
Affairs/Consumer-Complaints-Data-Unwated-Calls/vakf-fz8e.
[2] *National Do Not Call Registry Data Book FY 2015,* FEDERAL TRADE COMMISSION (Nov. 2015),
https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-
2015/dncdatabookfy2015.pdf: *Consumer Complaints Data - Unwanted Calls, FCC - Open Data,* FEDERAL
COMMUNICATIONS COMMISSION, https://opendata.fcc.gov/Consumer-and-Government-Affairs/Consumer-
Complaints-Data-Unwanted-Calls/vakf-fz8e; *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers
Against Unwanted Robocalls, Texts to Wireless Phones,* FEDERAL COMMUNICATIONS COMMISSION,
https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf; *National Do Not Call Registry Data Book FY
2014,* FEDERAL TRADE COMMISSION (Nov. 2014), https://www.ftc.gov/system/files/documents/reports/national-
do-not-call-registry-data-book-fiscal-year-2014/dncdatabookfy2014.pdf.

5.      To market their products and services, Defendant makes calls and sends text messages to consumer cell phone numbers using its autodialer that it does not have the proper consent for and thus violates the Telephone Consumer Protection Act.

6.      This case addresses Defendant's repeated pattern of practice of calling and sending unsolicited text messages to consumers on their cell phones using an autodialer who have no direct relationship with Defendant.  Defendant conducted (and continues to conduct) a wide-scale marketing and solicitation campaign that features the repeated making of unwanted autodialed phone calls, and sending unwanted autodialed text messages, to consumers' cellular telephones without consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

7.      By making these autodialed calls, Defendant caused Plaintiff and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their cellular telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans. Furthermore, Defendant made the calls and sent their text messages knowing they interfered with Plaintiff's and the other members of the Classes' use and enjoyment of, and the ability to access their cellphones, including the related data, software, and hardware components.

8.      The TCPA was enacted to protect consumers from autodialed telephone calls like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease all autodialed telephone calling and text messaging activities to cellular telephones without first obtaining prior express

consent, as well as an award of statutory damages to the members of the Classes under the

TCPA, costs, and reasonable attorney's fees.

## PARTIES

9.      Plaintiff Rice resides in Baltimore, Maryland.

10.      Defendant is a limited liability company organized and existing under the laws of

Tennessee and is a corporation with its principal place of business located at 414 Union Street 8th

Floor in Nashville, Tennessee.  Defendant conducts business throughout this District and the

United States.

## JURISDICTION AND VENUE

11.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C.

§ 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal

jurisdiction over Defendant because Defendant's conduct a significant amount of business in this

District, solicits consumers in this District, made and continues to make unsolicited autodialed

calls and send unsolicited autodialed text messages in this District, and because the wrongful

conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

12.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant

conducts a significant amount of business within this District and markets to this District, and

because the wrongful conduct giving rise to this case occurred in, was directed to, and/or

emanated from this District.  Furthermore, venue is proper because Plaintiff resides in this

District.

## COMMON FACTUAL ALLEGATIONS

13.     Defendant places unsolicited calls and send unsolicited text messages to consumers, by use of an Automated Telephone Dialing System ("ATDS").

14.     When Defendant contacts consumers, they are required to obtain the consumers' prior express consent to be contacted using an ATDS on the consumers' cellular telephone.

15.     Yet in violation of this rule, Defendant failed to obtain any prior express consent to make these autodialed calls and send these autodialed text messages to cellular telephone numbers.

16.     In placing the calls and text messages that form the basis of this Complaint, Defendant utilized an ATDS in violation of the TCPA. Specifically, the hardware and software used by Defendant have the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

17.     When placing these calls and text messages to consumers, Defendant failed to obtain prior express consent as required by the TCPA from cellular telephone owners/users to make such calls and text messages.

18.     At all times material to this Complaint, Defendant was and is fully aware that unwanted autodialed calls and text messages are being made to consumers' cellular telephones through their own efforts and/or their agents'.

19.     Defendant knowingly made (and continues to make) autodialed calls and text messages to cellular telephones without the prior express consent of the call recipients.  In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeatedly violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF JACKIE RICE**

20.     Plaintiff Rice has had her cell phone number for over ten years.

21.     On October 21, 2019, Plaintiff Rice received two unsolicited calls from (443) 498-4301.

22.     Between October 2019 and November 2019, Plaintiff received multiple unsolicited calls from telephone numbers associated with Defendant, including (443) 355-4808 and (443) 355-4693.

23.     On October 25, 2019, Plaintiff received an unsolicited text from short code number 75093.  A short code is a special 5 or 6 digit telephone number that's shorter than a full phone number. Short codes are used to send and receive SMS and MMS messages to and from mobile phones.

24.     The October 25, 2019, text message read:

> Your new smile is waiting! Text FULLPAY to get started for a
> one-time payment of $1895 or SMILEPAY for $250 down and
> $85/month for 24mo – SmileDirectClub.

25.     On October 27, 2019, Plaintiff received second text message from short code number 75093.  The text message read:

> Hi Jackie, it's Villard from your local SmileDirectClub Smileshop!
> ☺I see your smile plan is ready for production and was hoping to

> answer any questions that didn't come up during your
>
> appointment.  If you have any questions, simply text back or call
>
> <u>800-688-0450</u> to talk to someone on our team!

26.     In response to Defendant's unsolicited text message, Plaintiff sent the following

replies:

> "Will contact you if/when I decide to move forward.  Don't contact
>
> me. Thank you," and
>
> "STOP."

27.     Plaintiff received an additional two messages from Defendant following her

request for Defendant to stop texting her which prompted Plaintiff to send request to Defendant

to stop texting.

28.     Plaintiff does not have a relationship with Defendant, or any of their affiliated

companies, or has ever requested that Defendant place calls and/or send text messages to her.

Simply put, Defendant did not possess Plaintiff's prior express consent to place a telephone call

and/or send a text message to her on her cellular telephone using an autodialer and she has no

business relationship with Defendant.

29.     By making unauthorized autodialed telephone calls and sending unauthorized text

messages as alleged herein, Defendant has caused consumers actual harm in the form of

annoyance, nuisance, and invasion of privacy. In addition, the calls and text messages disturbed

Plaintiff's use and enjoyment of her phone, in addition to the wear and tear on the phone's

hardware (including the phone's battery) and the consumption of memory on Plaintiff's phone.

In the present case, a consumer could be subjected to many unsolicited collection calls and text

messages as Defendant did not take care to ensure that the recipients of their autodialed

collection calls and text messages have given their prior express consent to be called and/or

messaged, and fails to provide a working opt-out mechanism

30.     In order to redress these injuries, Plaintiff, on behalf of herself and the classes of

similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47

U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed telephone calls and text messages to

cellular telephones.

31.     On behalf of the Classes, Plaintiff seeks an injunction requiring Defendant to

cease all unsolicited autodialed telephone calling and text messaging activities and an award of

statutory damages to the class members, together with costs and reasonable attorney's fees.

## CLASS ALLEGATIONS

32.     Plaintiff bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2)

and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of

the following Classes:

> **Autodialed No Consent Call Class:** All persons in the United States from
> four years prior to the filing of this action through the present who (1)
> Defendant (or a third person acting on behalf of Defendant) called, (2) on
> the person's cellular telephone, (3) using an autodialer (4) for whom
> Defendant claim they obtained prior express consent in the same manner
> as Defendant claim they supposedly obtained prior express consent to call
> the Plaintiff Rice.

> **Autodialed No Consent Text Message Class:** All persons in the United States
> from four years prior to the filing of this action through the present who (1)
> received any unsolicited text messages, (2) on the person's cellular telephone, (3)
> from Defendant (4) using an autodialer and (4) for whom Defendant claims they
> obtained prior express consent in the same manner as Defendant claims they
> supposedly obtained prior express consent to call the Plaintiff.

33.     The following individuals are excluded from the Classes: (1) any Judge or

Magistrate presiding over this action and members of their families; (2) Defendant, their

subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their

parents have a controlling interest and their current or former employees, officers and directors;

(3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion

from the class; (5) the legal representatives, successors or assigns of any such excluded persons;

and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or

released. Plaintiff anticipate the need to amend the class definition following appropriate

discovery.

   34. **Numerosity**: The exact size of the Classes are unknown and not available to

Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and

belief, Defendant placed autodialed collection calls to thousands of consumers who fall into the

definition of the Classes. Members of the Classes can be easily identified through Defendant's

records.

   35. **Commonality and Predominance**: There are many questions of law and fact

common to the claims of Plaintiff and the Classes, and those questions predominate over any

questions that may affect individual members of the Classes. Common questions for the Classes

include, but are not necessarily limited to the following:

  a) whether Defendant's conduct constitutes a violation of the TCPA;

  b) whether Defendant systematically made telephone calls to members of the Classes
    without first obtaining prior express consent to make the calls;

  c) whether Defendant systematically made and sent text messages to members of the
    Classes without first obtaining prior express consent to make and send text
    messages;

d)  whether Defendant utilized an automatic telephone dialing system to make its calls to members of the Classes;

e)  whether Defendant utilized an automatic telephone dialing system to make its text messages to members of the Classes;

f)  whether Defendant systematically made autodialed telephone calls to consumers after consumers attempted to opt out;

g)  whether Defendant systematically made autodialed text messages to consumers after consumers attempted to opt out; and,

h)  whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

36.  **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in class actions. Plaintiff have no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to the Classes.

37.  **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant' business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to the Plaintiff. Additionally,

the damages suffered by individual members of the Classes will likely be small relative to the

burden and expense of individual prosecution of the complex litigation necessitated by

Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to

obtain effective relief from Defendant's misconduct on an individual basis. A class action

provides the benefits of single adjudication, economies of scale, and comprehensive supervision

by a single court. Economies of time, effort, and expense will be fostered and uniformity of

decisions will be ensured.

### FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**

**(Violations of 47 U.S.C. § 227 et seq.)**

**(On Behalf of Plaintiff Rice and the Classes)**

38.     Plaintiff Rice incorporates the foregoing factual allegations as if fully set forth

herein.

39.     Defendant made autodialed telephone calls and text messages to cellular

telephone numbers belonging to Plaintiff Rice and other members of the Classes without first

obtaining prior express consent to receive such calls and messages.

40.     Defendant made the telephone calls and text messages using equipment that had

the capacity to store or produce telephone numbers using a random or sequential number

generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*,

without human intervention.

41.     The telephone dialing equipment utilized by Defendant, also known as a

predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone

numbers, in an automatic and systematic manner. Defendant's autodialer disseminated

information *en masse* to Plaintiff Rice and other consumers.

42.     By negligently making the unsolicited telephone calls and text messages to

Plaintiff Rice and the members of the Classes' cellular telephones without their prior express

consent, and by utilizing an autodialer to make those calls and text messages, Defendant violated

47 U.S.C. § 227(b)(1)(A)(iii).

43.     As a result of Defendant's unlawful negligent conduct, Plaintiff Rice and the

Classes members are each entitled a minimum of Five Hundred Dollars ($500.00) in damages for

each such violation of the TCPA.

## SECOND CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227 et seq.)
### (On Behalf of Plaintiff Rice and the Classes)

44.     Plaintiff incorporates and realleges paragraphs 1-43 as if fully set forth herein.

45.     Defendant made autodialed telephone calls and text messages to cellular

telephone numbers belonging to Plaintiff Rice and the other members of the Classes without first

obtaining prior express consent to receive such calls.

46.     Defendant made the telephone calls and text messages using equipment that had

the capacity to store or produce telephone numbers using a random or sequential number

generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*,

without human intervention.

47.     The telephone dialing equipment utilized by Defendant, also known as a

predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone

numbers, in an automatic and systematic manner. Defendant's autodialer disseminated

information *en masse* to Plaintiff and other consumers.

48.     By knowing and wilfully making the unsolicited telephone calls and text messages to Plaintiff and the members of the Classes' cellular telephones without their prior express consent, and by utilizing an autodialer to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

49.     As a result of Defendant's knowingly and wilful unlawful conduct, Plaintiff and the Classes members are each entitled a minimum of One Thousand, Five Hundred Dollars ($1,500.00) in damages for each such violation of the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

50.     An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes, and appointing her counsel as Counsel for the Classes;

51.     An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

52.     An award of actual monetary loss from such violations or the sum of five hundred dollars ($1,500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

53.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

54.     A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

55.     An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

56.     An order requiring Defendant to identify any third-party involved in the

autodialing as set out above, as well as the terms of any contract or compensation arrangement it

has with such third parties;

57.     An injunction requiring Defendant to cease all unsolicited autodialed calling

activities, and otherwise protecting the interests of the Classes;

58.     An injunction prohibiting Defendant from using, or contracting the use of, an

automatic telephone dialing system without obtaining, and maintaining records of, call

recipient's prior express consent to receive calls and text messages made with such equipment;

59.     An injunction prohibiting Defendant from contracting with any third-party for

marketing purposes until it establishes and implements policies and procedures for ensuring the

third-party's compliance with the TCPA;

60.     An award of reasonable attorneys' fees and costs to be paid out of the common

fund prayed for above; and

61.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,
**JACKIE RICE**, individually and on behalf of
Classes of similarly situated individuals

Dated: April 14, 2020                    By: /s/Aimee Bader_____
                                         Aimee Bader
                                         Advocate Real Estate, LLC
                                         2029 Fleet Street
                                         Baltimore, MD 21231
                                         (410) 499-6793

                                         Local Counsel for Plaintiff

Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Ste 780
Woodland Hills, CA  91367
(323) 306-4234

Pro Hac Vice to be sought